[No. A063384. First Dist., Div. Five. Dec. 13, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
CLAUDELL MOORE, Defendant and Appellant.

## COUNSEL

George L. Mertens, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, and Jeffrey M. Bryant, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

KING, J.—Claudell Moore appeals from a judgment of conviction for first degree burglary. He contends the jury was improperly instructed on the "entry" element of the offense, and insufficient evidence supported its implied finding of entry.

An information charged Moore with residential burglary (Pen. Code, § 459[1]) and a prior serious felony conviction (§ 667 subd. (a)). The information was later amended to add five prior prison terms (§ 667.5, subd. (b)).

At trial, it was established that the alleged victims, Jacqueline Marquez and Derrick Augustine, are both deaf. Marquez testified she noticed Moore knocking on the front door of their Castro Valley apartment at approximately 11 a.m. on May 26, 1993. The apartment has a screen door in front of a wooden door. The screen door locks, but was not locked on that day. In order to reach the wooden door, it is necessary to pull back the screen door. After Marquez awakened Augustine, the couple noticed Moore attempting to open the door by turning the knob. Moore left the door and went to a car, returning with a green "towel" wrapped around his hand and a tire iron. Moore used the tire iron on the door. Augustine testified he saw the tip of the tool come through the door; Marquez testified the door opened about an inch.

[1]All further statutory references are to the Penal Code.

Alameda County Deputy Sheriff Patrick Cassidy responded to the couple's 911 call. As he entered the driveway, he positioned his car to prevent Moore from leaving the scene. Cassidy discovered a tire iron and a green sweat top in the car Moore was driving. The edge of the tire iron matched pry marks on the apartment door.

A jury found Moore guilty of first degree burglary. He admitted four of the priors, and the court dismissed the remaining two allegations. The court imposed an aggregate sentence of nine years.

"Every person who enters any . . . apartment . . . with intent to commit . . . any felony is guilty of burglary." (§ 459.) On appeal, Moore challenges only the implied finding that he entered the Marquez/Augustine apartment.

■ The trial court delivered the following special instruction requested by the prosecutor and approved in *People* v. *Nible* (1988) 200 Cal.App.3d 838, 843, and footnote 2 [246 Cal.Rptr. 119]: " ' "Any kind of entry, partial or complete, direct or indirect, will satisfy the element of entry. [¶] The entry may be made by any part of the body or by the use of an instrument or tool. [¶] In order for there to have been an entry, a part of the defendant's body or some instrument, tool or other object under his control must have penetrated the area inside where the screen was normally affixed in the window frame in question." ' " Moore claims the instruction did not reflect the law because (a) entry cannot be made by a tool alone unless that tool is used to effectuate the underlying felony, and (b) violation of the airspace between the screen and the door does not constitute entry.

### A.

"It is well settled that an entry occurs for purposes of the burglary statute if any part of the intruder's body, or a tool or instrument wielded by the intruder is 'inside the premises.' . . ." (*People* v. *Wise* (1994) 25 Cal.App.4th 339, 345 [30 Cal.Rptr.2d 413], citations omitted; see also, *People* v. *Nible, supra,* 200 Cal.App.3d at p. 843.) "One can commit burglary even though the instrument in question is used merely to facilitate entry rather than to complete the larceny. . . ." (*People* v. *Ravenscroft* (1988) 198 Cal.App.3d 639, 644 [243 Cal.Rptr. 827], citation omitted.)

Moore contends this well-settled authority is based on a misreading of *People* v. *Walters* (1967) 249 Cal.App.2d 547, 551 [57 Cal.Rptr. 484], in which the court stated: ". . . it has been established that the entry need not

be [by] any part of the body, but that an entry may be made by an instrument, where the instrument is inserted for the purpose of committing the felony."Unlike the sources on which it relied (a 1958 treatise and two 19th century cases from other jurisdictions), however, the *Walters* court did not expressly state that unless the instrument is "used in some other way or manner to consummate the criminal intent, the intrusion of the instrument is not of itself an entry." (*Walker* v. *State* (1879) 63 Ala. 49, 52.) On the contrary, the *Walters* court "upheld a conviction for burglary where the only evidence of entry was the insertion of tools which were not being used to remove property." (*People* v. *Osegueda* (1984) 163 Cal.App.3d Supp. 25, 31 [210 Cal.Rptr. 182].) Like the *Osegueda* court, "We reject the decisions of out-of-state jurisdictions which differentiate between an entry by body and by instrument. We find no plausible reason for holding that an entry by instrument must be for the purpose of removing property. We find no California authority for contrary reasoning." (*Ibid.*)[2]

### B.

In *People* v. *Nible, supra*, 200 Cal.App.3d at page 846, the court held "the penetration of a window screen constitutes entry within the meaning of section 459." Applying the reasonable-expectation-of-protection test it had formulated in *Nible* to an "ordinary, unenclosed front porch," the same court later concluded "entry onto the porch cannot constitute entry into defendant's residence for purposes of section 198.5."[3] (*People* v. *Brown* (1992) 6 Cal.App.4th 1489, 1497 [8 Cal.Rptr.2d 513], fn. omitted.) For our purposes, the screen door at issue here more closely resembles the window screen in *Nible* than the front porch in *Brown*, especially in light of the *Nible* court's express reliance on the rule that " '[t]he opening of a *screen door or window* is deemed a burglarious breaking.' " (*Nible, supra*, 200 Cal.App.3d at p. 845, quoting 13 Am.Jur.2d, Burglary, § 19, p. 331, italics added.)

The challenged "entry" instruction correctly reflected current California law. Moore admits the evidence established the tire iron violated the airspace between the screen and the door.[4] Under a proper reading of the law, this constitutes sufficient evidence of entry for the purposes of the burglary statute.

---

[2]*Osegueda*, an opinion published by the superior court appellate department, is not, of course, binding precedent, but ". . . the persuasive value of such opinions has been constantly recognized." (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 777, pp. 747-748.)

[3]Section 198.5 encodes the presumption that a person using force intended or likely to cause death or great bodily injury against another "who unlawfully and forcibly enters" a residence held a reasonable fear of imminent peril of death or great bodily injury.

[4]He also recognizes the evidence that the tire iron violated the plane of the door itself.

The judgment is affirmed.

Peterson, P. J., and Haning, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 2, 1995. Mosk, J., was of the opinion that the petition should be granted.