[No. B168985. Second Dist., Div. Seven. Aug. 2, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
EMILIO GARCIA et al., Defendants and Appellants.

## Counsel

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant Emilio Garcia.

Dennis L. Cava, under appointment by the Court of Appeal, for Defendant and Appellant Heriberto Castillo.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Jeffrey B. Kahan and Robert C. Schneider, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**PERLUSS, P. J.**— ■ A defendant convicted of a violent felony, as defined in Penal Code section 667.5,[1] may not accrue presentence conduct credits greater than 15 percent of his or actual period of confinement. (§ 2933.1, subd. (c).) One such violent felony is first degree burglary "wherein it is charged and proved that another person, other than an accomplice, was present in the residence during the commission of the burglary." (§ 667.5, subd. (c)(21).) Must the jury make a special finding that a nonaccomplice was present during the commission of the offense or may that issue be decided by the trial court? ■ We conclude that, just as determining whether a prior conviction is a serious or violent felony for purposes of the "Three Strikes" law is within the province of the trial court (*People v. Kelii* (1999) 21 Cal.4th 452, 457–458 [87 Cal.Rptr.2d 674, 981 P.2d 518] (*Kelii*), so too determining whether a defendant's current conviction for first degree burglary is a violent felony for the purpose of calculating presentence conduct credits is properly part of the trial court's traditional sentencing function.

---

[1] Statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND

Emilio Garcia and Heriberto Castillo were charged by information with first degree burglary and grand theft of an automobile. The information specifically alleged the burglary was a violent felony under section 667.5, subdivision (c)(21), because "another person, other than an accomplice, was present in the residence during the commission of the burglary."[2]

The evidence at trial established that Simon Tornez and a friend were watching television at Tornez's house late at night when they were startled by continuous "loud knocks" or "banging" at the back door. Tornez and his friend left the house through the front door to get help. Tornez was unable to estimate how long he remained in the house after he heard the knocking.

After the police arrived, they examined the back door with Tornez and found it was partially broken off its hinges. Marks on the doorjamb indicated the door had been pried open with some type of tool.

Garcia and Castillo were arrested shortly after the burglary with Tornez's property, including his van, in their possession. Castillo admitted committing the burglary and taking the van.

At trial Garcia testified he had been hired to help someone move and was unaware the house was being burglarized. Castillo neither testified nor presented a defense. At a chambers conference to review proposed jury instruction prior to the close of evidence, the trial court rejected the prosecutor's request to submit to the jury the question whether a nonaccomplice was present during the burglary. The court explained, "It's really no legal effect to whether the victim is actually present or not."[3] Neither defense counsel objected to the court's decision not to submit the request for special finding to the jury.

The jury convicted Garcia and Castillo of first degree burglary and grand theft of an automobile, as charged. Garcia and Castillo were sentenced to

---

[2] Section 667.5, subdivision (c), provides: "For the purpose of this section, 'violent felony' shall mean any of the following: [¶] . . . [¶] (21) Any burglary of the first degree, as defined in subdivision (a) of Section 460, wherein it is charged and proved that another person, other than an accomplice, was present in the residence during the commission of the burglary." Subdivision (c)(21) was added to section 667.5 by Proposition 21 (the Gang Violence and Juvenile Crime Prevention Act of 1998), effective March 8, 2000.

[3] Trial counsel for Castillo attempted to explain the allegation that the victim was present at the time of the offense qualifies a residential burglary as a violent felony, but was interrupted; thereafter, he did not attempt to continue with the explanation. For his part, the prosecutor indicated only, "I think it goes towards sentencing. I'll look it up."

aggregate state prison terms of four years and two years, respectively. Having been advised of the significance of the allegation that a nonaccomplice was present during the commission of the burglary, over defense objections the trial court found true the allegation the offense was a violent felony.[4] Accordingly, Garcia and Castillo's presentence conduct credits were limited to no more than 15 percent of their actual presentence period of confinement (§ 2933.1, subd. (c)), for total presentence credits of 151 days: 131 days' actual and 20 days' conduct credit.

## CONTENTIONS

Garcia and Castillo contend the trial court erred in finding the first degree burglary a violent felony within the meaning of section 667.5, subdivision (c)(21) because (a) the issue should have been submitted to the jury, and (b) the evidence was insufficient that a victim was in the residence when the burglary occurred.

## DISCUSSION

■ Section 2933.1, subdivision (c) limits presentence conduct credits to no more than 15 percent of the actual period of confinement for any person convicted of a felony offense listed in section 667.5, subdivision (c), "violent felony," notwithstanding the provisions of section 4019, which authorize two days of good time/work time credit for each completed four-day block of actual custody time. (§ 4019, subd. (f) ["It is the intent of the Legislature that if all days are earned under this section, a term of six days will be deemed to have been served for every four days spent in actual custody."]; see *People v. Thomas* (1999) 21 Cal.4th 1122, 1127 [90 Cal.Rptr.2d 642, 988 P.2d 563].) Garcia and Castillo argue under *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435, 120 S.Ct. 2348] (*Apprendi*) and as a matter of statutory right they were entitled to have the jury decide whether the offense they committed was a violent felony.[5]

---

[4] The trial court acknowledged it should have recognized during trial the import of the allegation that a nonaccomplice was present during the burglary: "I thought it was mere surplusage because as we know burglary of a residence is a first degree burglary whether or not the people are present. So I didn't know what the legal effect of that was, and I asked, and nobody, neither the People or defense counsel, were able to really give me an answer. So I thought it was just surplusage, and I did not submit that issue to the jury."

[5] Although counsel for Garcia and Castillo apparently acquiesced in the court's decision not to ask the jury whether the residence was occupied at the time of the burglary, neither their lack of objection nor their failure to request a special finding precludes appellate review of this issue under the doctrines of waiver or invited error. (*People v. Frazer* (2003) 106 Cal.App.4th 1105, 1116, fn. 7 [131 Cal.Rptr.2d 319] [a defendant has no duty to object in order to preserve challenge on appeal that trial court violated its sua sponte duty to instruct correctly on basic principles of law applicable to the case]; *People v. Bradford* (1997) 14 Cal.4th 1005, 1057 [60

### 1. *There Is No Federal Constitutional Right to a Jury Determination of Facts Relating to Presentence Conduct Credits*

In *Apprendi* the United States Supreme Court invalidated a New Jersey "hate crime" statute that provided for an "extended term" of between 10 and 20 years of imprisonment if the trial judge found, by a preponderance of the evidence, that certain felonies were committed with a purpose " 'to intimidate an individual or group of individuals because of race, color, gender, handicap, religion, sexual orientation or ethnicity.' " (*Apprendi, supra,* 530 U.S. at pp. 468–469.) The *Apprendi* court treated the crime, together with its sentence enhancement, as the "functional equivalent" of a single "greater" crime and held the federal Constitution requires that all elements of a crime must be submitted to a jury and proved beyond a reasonable doubt. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (*Id.* at p. 490; see *People v. Sengpadychith* (2001) 26 Cal.4th 316, 326 [109 Cal.Rptr.2d 851, 27 P.3d 739].)

Contrary to Garcia and Castillo's contention, section 2933.1, subdivision (c)'s limitation on presentence conduct credits is not a sentencing enhancement and does not operate to increase the maximum six-year penalty prescribed for first degree burglary. (§ 461, subd. 1.) Rather, the provisions for presentence conduct credits function as a sentence "reduction" mechanism outside the ambit of *Apprendi.* (*In re Varnell* (2003) 30 Cal.4th 1132, 1142 [135 Cal.Rptr.2d 619, 70 P.3d 1037]; see *Harris v. United States* (2002) 536 U.S. 545, 565 [153 L.Ed.2d 524, 122 S.Ct. 2406] [factors determining increased minimum penalty for offense, if there is no increase beyond statutory maximum penalty, may properly be decided by trial judge rather than jury]; *People v. Cleveland* (2001) 87 Cal.App.4th 263, 271 [104 Cal.Rptr.2d 641] [*Apprendi* does not apply to factual issues determining whether § 654 precludes multiple count sentencing].) The limitation on conduct credits for defendants convicted of violent felonies represents a legitimate policy decision by the Legislature to provide greater protection to the public from dangerous offenders who might otherwise be paroled at an earlier date. (*People v. Sylvester* (1997) 58 Cal.App.4th 1493, 1496 [68 Cal.Rptr.2d 716].) Lessening the "discount" for good conduct credit does not increase the penalty beyond the prescribed maximum punishment and therefore does not trigger the right to a jury trial identified in *Apprendi.* (See *Cleveland,* at p. 271; *People v. Sengpadychith, supra,* 26 Cal.4th at p. 327; see also *Blakely v. Washington* (2004) 542 U.S. 296, __ [159 L.Ed.2d 403, 124

Cal.Rptr.2d 225, 929 P.2d 544] [for the doctrine of invited error to apply, it must be clear from record that counsel acted for tactical reasons and not out of ignorance or mistake].)

S.Ct. 2531, 2538] [reaffirming prior case law authorizing imposition of a statutory minimum sentence if the judge, not the jury, finds the existence of particular facts].)

### 2. *There Is No Statutory Right to a Jury Determination of the Facts Relating to Presentence Conduct Credits in this Case*

In addition to their *Apprendi* claim Garcia and Castillo argue, because section 667.5, subdivision (c)(21) defines as a violent felony only those first degree burglaries "wherein it is charged *and proved* that another person, other than an accomplice, was present in the residence during the commission of the burglary" (italics added), that the statute itself confers the right to have the jury determine whether the defendant's first degree burglary qualifies as a violent felony for purposes of the presentence conduct limitation prescribed by section 2933.1, subdivision (c). The People, on the other hand, although having requested in the trial court that the issue be submitted to the jury, now contend the determination whether an offense is a violent felony is properly within the province of the trial court.[6] We agree that, just as the trial court properly determines as a matter of state law whether a prior conviction qualifies as a strike (*Kelii, supra,* 21 Cal.4th at pp. 452, 457–458), so too determining whether a defendant's current conviction for first degree burglary is a violent felony is properly part of the trial court's traditional sentencing function.[7]

■ The "charged and proved" terminology of section 667.5, subdivision (c)(21) itself does not mandate a jury determination of the issue of a nonaccomplice's presence at the time of the offense: This language is markedly different from that used by the Legislature when it wanted to extend to a defendant the right to have a factual issue tried to the jury or the court acting as the trier of fact. For example, section 1170.1, subdivision (e), which governs most determinate sentences, provides, "All enhancements shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact." Again, in section 667.61, the "One Strike" law considered by the Supreme Court in *People v. Mancebo* (2002) 27 Cal.4th 735 [117 Cal.Rptr.2d 550, 41 P.3d 556], the Legislature specifically provided, "For the penalties provided in this section to apply, the existence of any [aggravating] fact required under subdivision (d) or (e) shall

---

[6] On appeal the Attorney General initially indicated agreement with Garcia and Castillo's position but withdrew the concession of error following our request for supplemental briefing on the issue.

[7] The Legislature has indicated its intent in enacting section 667.5, subdivision (c) "was to identify these 'violent felonies' and to single them out for special consideration in several aspects of the sentencing process." (Stats. 1980, ch. 132, § 1(b), p. 305; see *People v. Henson* (1997) 57 Cal.App.4th 1380, 1385–1386 [67 Cal.Rptr.2d 734].)

be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact." (§ 667.61, subd. (i); see *Mancebo*, at p. 751 ["The provisions of the One Strike law, taken as a whole, require that subdivision (e) qualifying circumstances be 'pled and proved' (§ 667.61, subd. (f)), and as elsewhere provided, 'be alleged in the accusatory pleading and either admitted by the defendant in open court or found true by the trier of fact.' (§ 667.61, subd. (i).)"]; see also §§ 452.1, subd. (b) [circumstances requiring sentence enhancement for aggravated arson: "The additional term specified in subdivision (a) of Section 452.1 shall not be imposed unless the existence of any fact required under this section shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact."], 186.33, subd. (b)(2), 550, subd. (d), & 12022.53, subd. (j).)

■ The pleading and proof requirements of section 667.5, subdivision (c) safeguard the defendant's right to notice of the facts the prosecution intends to prove as well as the due process requirement that the People actually prove the facts required either for imposing an increased penalty or for making decisions regarding the severity of the sentence within the prescribed range. (*People v. Logsdon* (1987) 191 Cal.App.3d 338, 344 [236 Cal.Rptr. 359]; cf. *In re Varnell, supra,* 30 Cal.4th at p. 1143 [due process does not require prosecutor to charge a defendant's ineligibility for mandatory probation and treatment or the facts underlying that ineligibility].) As with other sentencing facts, however, proof that a first degree burglary falls within section 667.5, subdivision (c)(21), is properly presented to the sentencing court. (See *People v. Scott* (1994) 9 Cal.4th 331, 348–350 [36 Cal.Rptr.2d 627, 885 P.2d 1040].)

Indeed, in an analogous situation the Supreme Court held that determining whether a prior conviction is a serious or violent felony for purposes of the Three Strikes law is " 'the type of inquiry traditionally performed by judges as part of the sentencing function' " (*Kelii, supra,* 21 Cal.4th at p. 456), notwithstanding that the determination may have "a factual content" (*ibid.*) and that the defendant has been granted a statutory right to a jury trial to decide whether "the defendant 'has suffered' . . . the prior conviction." (*Id.* at p. 457; see §§ 667, subd. (c) [Three Strikes law providing for enhanced punishment "if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony convictions as defined in subdivision (d)"], 1170.12, subd. (a) [same].)[8] We see no reason in either policy or the statutory language for holding the question whether a conviction for first degree burglary is a violent felony within section 667.5,

[8] Like the presence of a nonaccomplice during the commission of a burglary under section 667.5, subdivision (c)(21), under the Three Strikes law the qualifying prior felony conviction must be "pled and proved." (§§ 667, subd. (c), 1170.12, subd. (a).)

subdivision (c)(21) must be determined by a jury when the issue is eligibility for presentence conduct credits but may be tried to the sentencing court when the issue is the far more serious question whether the defendant's prior conviction qualifies as a strike.

### 3. *Sufficient Evidence Supports the Trial Court's Finding the Victim Was Present in the Residence during the Burglary*

Garcia and Castillo argue that, even if it the question is properly decided by the trial court, there was insufficient evidence to support the court's finding that the victim was present in the residence during the burglary. We disagree: Substantial evidence in the record supports the trial court's determination that the burglary Garcia and Castillo committed is properly classified as a violent felony under section 667.5, subdivision (c)(21).[9]

■ The crime of burglary is committed when a person "enters any . . . building," including a "house," "with intent to commit . . . larceny or any felony." (§ 459.) Any entry, partial or complete will suffice. (*People v. Valencia* (2002) 28 Cal.4th 1, 13 [120 Cal.Rptr.2d 131, 46 P.3d 920].) "[A]n entry occurs for purposes of the burglary statute if any part of the intruder's body, or a tool or instrument wielded by the intruder is 'inside the premises.' [Citations.]" (*People v. Wise* (1994) 25 Cal.App.4th 339, 345 [30 Cal.Rptr.2d 413]; *Valencia*, at p. 13 [holding penetration into the area behind a window screen amounts to an entry of a building when the window itself is closed and not penetrated]; *People v. Moore* (1994) 31 Cal.App.4th 489, 492–493 [37 Cal.Rptr.2d 104] [holding penetration of a screen door of a house, even without penetration of an inner door, amounted to entry of building within the meaning of the burglary statute]; *Wise,* at pp. 344–348 [holding to the same effect as to penetration of iron mesh on a gate to a house].)

---

[9] In reviewing a challenge to the sufficiency of the evidence, we "consider the evidence in a light most favorable to the judgment and presume the existence of every fact the trier could reasonably deduce from the evidence in support of the judgment. The test is whether substantial evidence supports the decision, not whether the evidence proves guilt beyond a reasonable doubt. [Citations.]" (*People v. Mincey* (1992) 2 Cal.4th 408, 432 [6 Cal.Rptr.2d 822, 827 P.2d 388]; see also *People v. Staten* (2000) 24 Cal.4th 434, 460 [101 Cal.Rptr.2d 213, 11 P.3d 968]; *People v. Hayes* (1990) 52 Cal.3d 577, 631 [276 Cal.Rptr. 874, 802 P.2d 376].) Our sole function is to determine if any rational trier of fact could have found the essential elements of the crime present beyond a reasonable doubt. (*People v. Bolin* (1998) 18 Cal.4th 297, 331 [75 Cal.Rptr.2d 412, 956 P.2d 374]; *People v. Ochoa* (1993) 6 Cal.4th 1199, 1206 [26 Cal.Rptr.2d 23, 864 P.2d 103].) The standard of review is the same in cases where the People rely primarily on circumstantial evidence. (*People v. Bloom* (1989) 48 Cal.3d 1194, 1208 [259 Cal.Rptr. 669, 774 P.2d 698]; *People v. Bean* (1988) 46 Cal.3d 919, 932 [251 Cal.Rptr. 467, 760 P.2d 996].) The Supreme Court has held, "Reversal on this ground is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction].' " (*Bolin,* at p. 331, quoting *People v. Redmond* (1969) 71 Cal.2d 745, 755 [79 Cal.Rptr. 529, 457 P.2d 321].)

■ The testimony in this case established that Tornez and his friend were startled by the sound of continuous banging on the back door while they were watching television. Both men remained inside the residence for an undetermined period of time; there is no evidence they "immediately" ran from the house as Castillo and Garcia suggest. It is reasonable to infer the noise they heard was the sound of the back door being pried off its hinges by a tool inserted into the door jamb, which the police indicated was the means by which Castillo and Garcia gained access to the house. Because insertion of the tool into the doorjamb itself constituted entry into the residence, the evidence is sufficient Tornez was present during the commission of the burglary within the meaning of section 667.5, subdivision (c)(21).

## DISPOSITION

The judgments of conviction are affirmed.

Woods, J., and Zelon, J., concurred.

A petition for a rehearing was denied August 17, 2004, and the opinion was modified to read as printed above. Appellants' petition for review by the Supreme Court was denied November 17, 2004. Brown, J., did not participate therein.