[No. C045738. Third Dist. Dec. 7, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
GLENN ALBERT MURPHY, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part I of the Discussion.

**COUNSEL**

Meredith J. Watts, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, David A. Rhodes and Clayton S. Tanaka, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**ROBIE, J.**—Defendant Glenn Albert Murphy appeals his conviction for possessing methamphetamine for sale. He contends the court abused its discretion in denying his *Romero*[1] motion to dismiss a prior strike conviction, in part because his 11-year prison term constitutes cruel and unusual punishment under the state and federal Constitutions and violates constitutional prohibitions on double jeopardy. By supplemental brief, defendant also contends the recent case of *Blakely v. Washington* (2004) 542 U.S. 296 [159 L.Ed.2d 403, 412, 124 S.Ct. 2531] requires that a jury, rather than the judge, determine whether to dismiss the prior strike conviction on the ground he falls outside the spirit of the three strikes law.

Because neither contention has merit, we shall affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

During a parole search of defendant's home, officers found a pound of methamphetamine inside a safe; half a pound of methamphetamine inside a black bag; two baby bottle liners containing approximately half an ounce and one-quarter ounce of methamphetamine; indicia of drug use and sales, including multiple scales and suspected pay/owe sheets; four guns and ammunition; and approximately $9,000 in cash. At the scene, defendant admitted the methamphetamine and other items were his.

Although defendant was charged with multiple offenses, he ultimately pled guilty to one count of possessing methamphetamine for sale and admitted enhancement allegations that the offense was committed in close proximity to a school and that he was personally armed. Defendant also admitted the allegation of a 1997 first degree burglary conviction as a "strike," without prejudice to the hearing of a contested motion to dismiss the prior conviction finding pursuant to *People v. Superior Court (Romero)*, *supra*, 13 Cal.4th 497.

Defendant's plea agreement included a negotiated disposition of an 11-year prison sentence, to be computed as follows: "If the Romero motion is granted and the [strike] enhancement is dismissed, the total sentence will be 11 years. If the Romero motion is denied, the [armed] enhancement will be stricken and the total sentence will be 11 years."

---

[1] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628].

The primary difference between the two sentencing options was that if the trial court did not dismiss the prior conviction finding, defendant's postsentence conduct credits would be limited to 20 percent of his total prison sentence. (See Pen. Code, § 1170.12, subd. (a)(5); *People v. Thomas* (1999) 21 Cal.4th 1122, 1125 [90 Cal.Rptr.2d 642, 988 P.2d 563].) If, on the other hand, the trial court dismissed the prior conviction finding, defendant could earn "100 percent credit postsentence (one day of conduct credit for each day actually served)." (*In re Martinez* (2003) 30 Cal.4th 29, 34 [131 Cal.Rptr.2d 921, 65 P.3d 411], citing Pen. Code, § 2933, subd. (a).)

In his *Romero* motion, defendant asked the trial court to exercise its discretion under Penal Code section 1385 and *Romero* to dismiss the finding of his 1997 burglary conviction on the ground the details of that crime showed that he might be deemed to be outside the spirit of the three strikes sentencing scheme. According to defendant, he took "firearms from his mother's house with the intent to pawn or sell them and use the proceeds to buy insurance," then earn enough money to buy them back and return the guns to his mother's boyfriend. After defendant's mother learned from a relative that defendant had exchanged some, but not all, of the guns for cash, she contacted law enforcement.

At the hearing on defendant's motion, his mother testified she had not intended him to be prosecuted for burglary, but only wished to alert authorities that a gun belonging to her boyfriend was unaccounted for.

The trial court denied the *Romero* motion, dismissed the armed enhancement, and sentenced defendant to a state prison term of 11 years.

## DISCUSSION

### I[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### II

### Blakely *Does Not Apply to* Romero *Motions*

Applying the Sixth Amendment to the United States Constitution, the United States Supreme Court held in *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435, 120 S.Ct. 2348] that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the

---

[*]See footnote, *ante*, page 859.

statutory maximum must be tried to a jury and proved beyond a reasonable doubt. (*Id.* at p. 490 [147 L.Ed.2d at p. 455].) For this purpose, the statutory maximum is the maximum sentence that a court could impose based solely on facts reflected by a jury's verdict or admitted by the defendant. Thus, when a sentencing court's authority to impose an enhanced sentence depends upon additional fact findings, there is a right to a jury trial and proof beyond a reasonable doubt on the additional facts. (*Blakely v. Washington, supra,* 542 U.S. at p. 296 [159 L.Ed.2d at pp. 413–414].)

Jumping on the *Apprendi* and *Blakely* bandwagon, defendant advances the novel argument that a jury, rather than the trial court, should have decided his *Romero* motion. According to defendant, if the finding of his prior burglary conviction had been dismissed under *Romero*, he would have had to serve only 50 percent of his agreed-upon 11-year sentence (because he would have been eligible for postsentence conduct credits of up to 50 percent of his total prison term). Because the finding was not dismissed, however, he is entitled to postsentence conduct credits of no more than 20 percent and therefore must serve at least 80 percent of his 11-year sentence. Thus, defendant contends in denying his *Romero* motion, the trial court chose "the term that insured the longer in-prison time"—in effect, choosing a longer "strike" sentence over a shorter "nonstrike" sentence. According to defendant, the trial court "engaged in factfinding" in making this choice, and therefore "<u>Apprendi</u> and <u>Blakely</u> read together required the question whether to 'strike' the strike to go to a jury."

■ This contention fails. Even if we assume for the sake of argument that the determination of whether defendant fell outside the spirit of the three strikes law could be deemed "factfinding," it is not the sort of factfinding that had to be performed by a jury under *Apprendi* and *Blakely*. Under *Apprendi* and *Blakely*, a fact (other than the fact of a prior conviction) must be pled and proved to a jury beyond a reasonable doubt only if that fact increases the penalty for a crime beyond the maximum sentence that a court could impose based on the facts reflected by a jury's verdict or admitted by the defendant. Here, defendant admitted the fact of the prior strike conviction, which means that under *Apprendi* and *Blakely* the trial court was entitled to impose a sentence that took into account that prior strike. Whatever facts the trial court may have found in refusing to dismiss the prior strike finding under *Romero* did not increase defendant's sentence within the meaning of *Apprendi* and *Blakely*.

■ The recent decision in *People v. Garcia* (2004) 121 Cal.App.4th 271 is persuasive on this point. In *Garcia*, the defendants argued they were

entitled under *Apprendi* to a jury determination of whether their current offense was a violent felony for purposes of subdivision (a) of Penal Code section 2933.1, which limits presentence conduct credits for persons convicted of violent felonies. (*People v. Garcia, supra,* 121 Cal.App.4th at p. 276.) The court rejected this argument, stating: "Contrary to Garcia and Castillo's contention, section 2933.1, subdivision (c)'s limitation on presentence conduct credits is not a sentencing enhancement and does not operate to increase the maximum six-year penalty prescribed for first degree burglary. [Citation.] Rather, the provisions for presentence conduct credits function as a sentence 'reduction' mechanism outside the ambit of *Apprendi.* [Citations.] The limitation on conduct credits for defendants convicted of violent felonies represents a legitimate policy decision by the Legislature to provide greater protection to the public from dangerous offenders who might otherwise be paroled at an earlier date. [Citation.] Lessening the 'discount' for good conduct credit does not increase the penalty beyond the prescribed maximum punishment and therefore does not trigger the right to a jury trial identified in *Apprendi.*" (*Id.* at p. 277.)

Defendant contends *Garcia* is "readily distinguishable" from this case because the felonies that are deemed violent felonies for purposes of Penal Code section 2933.1, subdivision (a) are defined by statute and therefore "the judge's nondiscretionary decision to award the lesser amount of credits provided for in section 2933.1 is not the sort of 'factfinding' decision that requires the participation of a jury under Apprendi." This argument mistakes *Garcia*'s holding. The *Garcia* court held that "provisions for presentence conduct credits function as a sentence 'reduction' mechanism outside the ambit of *Apprendi.*" (*People v. Garcia, supra,* 121 Cal.App.4th at p. 277.) Defendant offers no explanation why this same reasoning should not apply to *post*sentence credits. The trial court's refusal to dismiss the prior strike finding in this case "[l]essen[ed] the 'discount' for good conduct credit" to which defendant would be entitled during his incarceration; it did not increase his sentence beyond the prescribed statutory maximum. Accordingly, defendant's *Blakely* argument fails.

## DISPOSITION

The judgment is affirmed.

Sims, Acting P. J., and Nicholson, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 2, 2005. George, C. J., did not participate therein.