Filed 4/30/15  P. v. Ruppell CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>ROBERT ALAN RUPPELL,<br><br>　　　　Defendant and Appellant. | H039786<br>(Monterey County<br>Super. Ct. No. SS062403A) |

Defendant Robert Alan Ruppell pleaded no contest to one count of first degree burglary (Pen. Code, § 459)[1] as charged in an information filed September 11, 2006.  On July 6, 2007, he was sentenced to a total term of nine years in prison, consisting of the lower term of two years, doubled due to a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12), with an additional five years for a prior serious felony conviction (§ 667, subd. (a)).  The trial court awarded 379 credits, as detailed in the probation report, consisting of 330 days in custody credits plus 49 days of conduct credits.  The abstract of judgment, however, indicated that credits were to be calculated under section 4019 rather than section 2933.1.

In April 2013, the California Department of Corrections and Rehabilitation (CDCR) wrote to the trial court seeking clarification of whether Ruppell's credits were to be calculated under section 4019 or whether his conviction counted as a violent felony under 667.5, subdivision (c), thus limiting his work/conduct credit calculation to 15

_____

[1] Further unspecified statutory references are to the Penal Code.

percent. Following a hearing, the trial court ordered that the minute order and abstract of judgment be amended to confirm that Ruppell was convicted of felony first degree burglary, with a person present, and that his credits were limited to 15 percent pursuant to section 2933.1.

On appeal, Ruppell argues that his plea of no contest to first degree burglary did not constitute an admission of the "person present" allegation and that this allegation was therefore dismissed along with the remaining charges, enhancements and special allegations at the time of his sentencing.

We find no merit to Ruppell's contentions and will affirm the order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 19, 2006, Hanan El-Amin was in bed watching television when she saw a man, later identified as Ruppell, approach the double doors leading from the patio to her bedroom. He tried to open the doors, at which point El-Amin got up and started yelling at him. Ruppell appeared surprised someone was inside[2] and ran off.

Further investigation revealed that an iPod had been stolen off the nightstand in a separate bedroom occupied by one of El-Amin's housemates. A window screen above that nightstand had been pried open. After Ruppell was arrested on unrelated charges a few weeks later, the stolen iPod was found in a search of his motor home.

Ruppell was charged by information with one count of first degree burglary (§ 459, count 1)[3] as follows: "PC 459 FIRST DEGREE BURGLARY, PERSON PRESENT [¶] COUNT: 001, On or about JULY 19, 2006 the crime of FIRST DEGREE BURGLARY, PERSON PRESENT, in violation of Section 459 of the Penal Code, a

---

[2] Although the doors had windows, Ruppell apparently could not see into the bedroom due to the glare.

[3] The information also charged Ruppell with one count of attempted residential burglary (§§ 664, 459, count 2). As that charge was dismissed as part of the plea agreement, discussed in more detail below, we do not address it further.

FELONY, was committed by ROBERT ALAN RUPPELL, who did enter an inhabited dwelling house and trailer coach and inhabited portion of a building occupied by HANAN EL-AMIN with the intent to commit larceny and any felony. 'NOTICE: The above offense is a serious felony within the meaning of Penal Code Seciton [*sic*] 1192.7(c) and a violent felony within the meaning of Penal Code 667.5(c).' It is further alleged that the above offense is a violation of Penal Code Section 462(a). It is further alleged that the above offense is a violent felony within the meaning of Penal Code Section 667.5(c) in that another person, other than an accomplice, was present during the commission of the above offense."

Count 1 was alleged to be both a serious felony within the meaning of section 1192.7, subdivision (c) and a violent felony within the meaning of section 667.5, subdivision (c). The information further alleged that Ruppell had suffered a prior strike conviction for first degree burglary (former §§ 667, subds. (b)-(i), 1170.12) and that this prior offense also qualified as a serious felony prior (§ 667, subd. (a)).

Ruppell entered into a negotiated plea, in which he agreed to plead no contest to count 1 and admit both the prior strike and prior serious felony conviction allegation in exchange for a nine-year sentence. At the change of plea hearing, the trial court gave Ruppell certain advisements about the plea deal. Ruppell acknowledged he understood the rights he was giving up and understood the plea form he had executed.

The trial court found there was a factual basis for the plea, "based on the preliminary hearing transcript." It then took Ruppell's plea, asking "to the charge of first degree burglary as alleged in Count 1 of the Information, how do you plead?" Ruppell responded: "No contest." Ruppell also admitted the strike prior and serious felony conviction allegations and the trial court accepted his plea. The trial court referred the case to the probation department for preparation of a presentence report.

On July 6, 2007, the trial court sentenced Ruppell to nine years in state prison, consisting of the mitigated term of two years, doubled by his second strike conviction,

plus five years for his prior serious felony conviction.  Ruppell was awarded 379 days of presentence credits--330 days of custody credits plus 49 days of conduct credits.[4]  The minute order notes that "All remaining charges, enhancements and/or special allegations are hereby ordered dismissed/stricken pursuant to PC 1385."  The abstract of judgment reflects the award of 379 days of credits, but has a checkmark in the box reflecting credits awarded pursuant to section 4019, rather than section 2933.1.

On March 21, 2013, Ruppell filed a motion, acting in propia persona, seeking additional presentence credits pursuant to section 4019.  The motion was denied.

During a chambers conference on May 24, 2013, the trial court notified the People and Ruppell's counsel that it had received a letter from the CDCR advising that the abstract of judgment and minute order relating to Ruppell's conviction and sentence "may be in error, or incomplete."  In that letter, the CDCR sought clarification of whether Ruppell's conviction for first degree burglary in count 1 included a finding that the allegation that "another person other than the accomplice was present in the residence during the commission of the burglary" was found true, thus subjecting Ruppell to the 15 percent work time credit restriction in section 2933.1.[5]

Following briefing and argument, the trial court ordered that the abstract of judgment be corrected to reflect that Ruppell's work time credits are to be calculated at 15 percent pursuant to section 2933.1.

---

[4] The amount of credits awarded mirrors the calculation set forth in the probation report which also noted, as follows:  "Time credits calculated at 15% pursuant to Sections 2933.1/667.5 PC."

[5] The CDCR also pointed out the minute order erroneously reflects that the five year sentence enhancement for Ruppell's prior serious felony was imposed "pursuant to PC 459," rather than section 667, subdivision (a).  This error was corrected by the trial court and is not an issue in the present appeal.

## II.  DISCUSSION

Ruppell argues the trial court erred in concluding that the terms of his plea bargain included admitting the "person present" violent felony allegation under section 667.5, subdivision (c)(21).  There is no mention of that allegation in either the plea form or the plea colloquy.  Accordingly, this was one of the remaining charges and allegations that were dismissed at sentencing, and Ruppell is entitled to have his custody credits calculated pursuant to the version of section 4019 in effect in 2006.  We disagree.

Section 2933.1, subdivision (c) provides "Notwithstanding Section 4019 or any other provision of law, the maximum credit that may be earned against a period of confinement in, or commitment to, a county jail, industrial farm, or road camp, or a city jail, industrial farm, or road camp, following arrest and prior to placement in the custody of the Director of Corrections, shall not exceed 15 percent of the actual period of confinement for any person specified in subdivision (a)."  A person specified in subdivision (a) of section 2933.1 is "any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5."  Relevant here, subdivision (c) of section 667.5 states, "For the purpose of this section, 'violent felony' shall mean any of the following: [¶] . . . [¶] (21) Any burglary of the first degree, as defined in subdivision (a) of Section 460, wherein it is charged and proved that another person, other than an accomplice, was present in the residence during the commission of the burglary."

Accordingly, Ruppell's presentence conduct credits were subject to the limitation in section 2933.1 only if it was charged and proved that another person, other than an accomplice, was present in the residence during the commission of the burglary.

Here, there is no question that in the information the People did charge that a person was present in the residence during the commission of the burglary.  The " 'charged and proved' " (*People v. Garcia* (2004) 121 Cal.App.4th 271, 278) terminology of section 667.5 "safeguard[s] the defendant's right to notice of the facts the prosecution intends to prove as well as the due process requirement that the People actually prove the

5

facts required either for imposing an increased penalty or for making decisions regarding the severity of the sentence." (*People v. Garcia*, *supra*, at p. 279.) " '[T]he purpose of the charging document is to provide the defendant with notice of the offense charged. [Citation.] The charges thus must contain in substance a statement that the accused has committed some public offense, and may be phrased in the words of the enactment describing the offense or in any other words sufficient to afford notice to the accused of the offense charged, so that he or she may have a reasonable opportunity to prepare and present a defense.' " (*People v. Fitzgerald* (1997) 59 Cal.App.4th 932, 936.) The information identified the conduct as well as the specific statutory provisions the prosecution contended were at issue. Further, the transcript of the preliminary hearing here details the conduct the prosecution was contending constituted the burglary with which Ruppell was charged; the prosecution presented evidence that someone was in the residence at all times when Ruppell was there.

As to who may make a special finding that a nonaccomplice was present during the commission of the offense, "just as determining whether a prior conviction is a serious or violent felony for purposes of the 'Three Strikes' law is within the province of the trial court [citation], so too determining whether a defendant's current conviction for first degree burglary is a violent felony for the purpose of calculating presentence conduct credits is properly part of the trial court's traditional sentencing function." (*People v. Garcia*, *supra*, 121 Cal.App.4th at p. 274.)[6]

_____

[6] In *People v. Garcia*, *supra*, 121 Cal.App.4th 271, the defendants argued they were entitled under *Apprendi v. New Jersey* (2000) 530 U.S. 466 to a jury determination of whether their current offense was a violent felony for purposes of section 2933.1, subdivision (a). (*People v. Garcia*, *supra*, at p. 276.) The court rejected this argument, stating: "Contrary to Garcia and Castillo's contention, section 2933.1, subdivision (c)'s limitation on presentence conduct credits is not a sentencing enhancement and does not operate to increase the maximum six-year penalty prescribed for first degree burglary. [Citation.] Rather, the provisions for presentence conduct credits function as a sentence 'reduction' mechanism outside the ambit of *Apprendi*. [Citations.] The limitation on (continued)

The plea form that Ruppell signed indicated that he was pleading to "PC 459 FIRST DEGREE BURGLARY, PERSON PRESENT." When Ruppell pleaded, he pleaded no contest to count 1, which, as noted, was a first degree burglary charge with the express allegation that a person other than an accomplice was present in the residence during the commission of the offense. The trial court specifically inquired of Ruppell how he pleaded "to the charge of first degree burglary *as alleged* in Count 1 of the Information." (Italics added.) Neither Ruppell nor defense counsel objected to the trial court's phrasing, nor did they clarify that Ruppell's plea did not include an admission of the allegation that there was a person present at the time of the burglary in question. Instead, Ruppell responded, "No contest."

Contrary to Ruppell's argument on appeal, nothing in the record supports the conclusion that the prosecutor moved the court to strike the "person present" allegation as part of the plea bargain. The fact that defense counsel raised no objection to the probation report which indicated that credits were calculated at 15 percent, nor did counsel object when the trial court awarded credits in the precise amount set forth in the probation report reinforces our conclusion that Ruppell pleaded to count 1 as charged.

Accordingly, we turn to the issue of whether the trial court's finding that Ruppell pleaded to first degree burglary as alleged in the information was supported by substantial evidence. " 'The test on appeal is whether substantial evidence supports the conclusion of the trier of fact, not whether the evidence proves guilt beyond a reasonable doubt.' " (*People v. Johnson* (1980) 26 Cal.3d 557, 576, quoting *People v. Reilly* (1970) 3 Cal.3d 421, 425.) Reversal on the basis of insufficient evidence is unwarranted unless

conduct credits for defendants convicted of violent felonies represents a legitimate policy decision by the Legislature to provide greater protection to the public from dangerous offenders who might otherwise be paroled at an earlier date. [Citation.] Lessening the 'discount' for good conduct credit does not increase the penalty beyond the prescribed maximum punishment and therefore does not trigger the right to a jury trial identified in *Apprendi*." (*Id*. at p. 277.)

it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support [the conclusion of the trier of fact]."  (*People v. Redmond* (1969) 71 Cal.2d 745, 755.)  In assessing the sufficiency of the evidence, we consider both the evidence presented as well as all reasonable inferences we can deduce from the evidence.  (*Beck Development Co. v. Southern Pacific Transportation Co.* (1996) 44 Cal.App.4th 1160, 1204.)

"The plain meaning of 'present in the residence' is that a person, other than the burglar or an accomplice, has crossed the threshold or otherwise passed within the outer walls of the house, apartment, or other dwelling place being burglarized."  (*People v. Singleton* (2007) 155 Cal.App.4th 1332, 1337.)  In accepting Ruppell's plea of no contest, the trial court stated that a factual basis for the plea could be found in the preliminary hearing transcript; and a no contest plea, like a plea of guilty, admits every element of the charged offenses.  (*People v. Wallace* (2004) 33 Cal.4th 738, 749.)

The preliminary hearing transcript establishes that El-Amin was present in her home on July 19, 2006, during the burglary charged.  Since the record establishes that the victim was present when Ruppell burglarized her residence, rendering his burglary conviction a violent felony under section 667.5, subdivision (c)(21), the court properly limited his presentence conduct credits under section 2933.1.

III.    **DISPOSITION**

The order is affirmed.

_____
Premo, J.

WE CONCUR:


_____
Rushing, P.J.


_____
Márquez, J.