Filed 3/23/16  P. v. Grewal CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>BRANDON GREWAL,<br><br>Defendant and Appellant. | D068470<br><br><br><br>(Super. Ct. No. SCN335445) |

APPEAL from a judgment of the Superior Court of San Diego County, Blaine K. Bowman, Judge.  Affirmed as modified with directions.

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Brandon Grewal of attempted residential burglary as a lesser included offense of residential burglary.  (Pen. Code,[1] §§ 664, 459, 460.)  The jury also

---

[1]     All statutory references are to the Penal Code unless otherwise specified.

found true an allegation under section 667.5, subdivision (c)(21) that a person, other than an accomplice was present during the attempted burglary. Grewal admitted one strike prior (§ 667, subds. (b)-(i)), one serious felony prior (§ 667, subd. (a)(1)) and one prison prior (§ 667.5, subd. (b)).

The court sentenced Grewal to a determinate term of 11 years in prison.

Grewal appeals challenging only the application of section 667.5, subdivision (c)(21) to the calculation of his credits. Grewal argues, and the People correctly concede, that section 667.5, subdivision (c)(21) does not apply to attempted residential burglary. Therefore, the trial court should recalculate his presentence credits. We agree and will direct the trial court to modify the judgment accordingly.[2]

## DISCUSSION

Section 667.5, subdivision (a) sets forth a sentencing enhancement for "violent" felonies. Those violent felonies are listed in section 667.5, subdivision (c). Subdivision (c)(21) in part defines a violent felony as "[a]ny burglary of the first degree, as defined in subdivision (a) of section 460, wherein it is charged and proved that another person, other than an accomplice, was present in the residence during the commission of the burglary." Case law has established that section 667.5, subdivision (a) does not apply to attempts to commit any of the listed felonies. (*People v. Ibarra* (1982) 134 Cal.App.3d. 413, 425.)

A proved enhancement under section 667.5, subdivision (c) has the effect of limiting presentence credits to no more than 15 percent of the actual presentence custody. (*People v. Garcia* (2004) 121 Cal.App.4th 271, 276; § 2933.1, subd. (a).)

---

[2] The facts of the underlying offense are not relevant to the issue presented on this appeal. Accordingly, we will not set forth the traditional statement of facts.

2

In light of the fact that Grewal was not convicted of burglary within the meaning of section 667.5, subdivision (c)(21), the credit limitation of section 2933.1, subdivision (a) cannot apply. Thus the trial court is required to strike the true finding on the section 667.5, subdivision (c)(21) enhancement, and to recalculate Grewal's presentence credits.

## DISPOSITION

The trial court is directed to modify the judgment by striking the section 667.5, subdivision (c)(21) enhancement and by recalculating Grewal's presentence credits accordingly. The court is further directed to modify the abstract of judgment to reflect the changes and to forward the abstract to the Department of Corrections and Rehabilitation. In all other respects the judgment is affirmed.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

BENKE, J.

3