Filed 6/22/16  P. v. Silva CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068855 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN335445-2) |
| RUTH CARMENCITA SILVA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Blaine K. Bowman, Judge.  Affirmed as modified and remanded with directions.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Ruth Carmencita Silva of one count of attempted residential burglary (Pen. Code,[1] §§ 664, 459). The jury also found that an individual, other than the accomplice, was present during the commission of the offense. The court sentenced Silva to an aggregate term of five years eight months in prison. The sentence was comprised of three years for attempted burglary and a consecutive term of two years eight months for convictions in two other cases as a result of a plea bargain.

The court awarded 260 days of actual custody credits and 39 days of conduct credits in the present case pursuant to section 2933.1.

Silva appeals challenging only the limitation on preconviction conduct credits. She contends that the conviction for attempted first degree residential burglary is not a serious felony within the meaning of section 667.5, subdivision (c)(21),[2] therefore the conduct credit limitation of section 2933.1 does not apply. The People correctly concede that attempted residential burglary is not a serious felony. They agree that Silva is entitled to further conduct credits under section 4019, subdivision (f). We accept the

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

[2]     Section 667.5, subdivision (c)(21) provides: "(c) For the purpose of this section, 'violent felony' shall mean any of the following: [¶] (21) Any burglary of the first degree, as defined in subdivision (a) of Section 460, wherein it is charged and proved that another person, other than an accomplice, was present in the residence during the commission of the burglary."

concession and will remand the case to the superior court to recalculate Silva's presentence credits.[3]

## DISCUSSION

Case law has established that the definition of serious felonies as set forth in section 667.5, subdivision (c)(21) does not apply to attempts to commit such felonies. (*People v. Ibarra* (1982) 134 Cal.App.3d 413, 425.)

Where a person is convicted of a serious felony under subdivision (c) of section 667.5, section 2933.1 limits presentence conduct credits to 15 percent of the actual time served. (*People v. Garcia* (2004) 121 Cal.App.4th 271, 276.) Where a person, like Silva, is only convicted of an attempt to commit a serious felony the limitations of section 2933.1 do not apply. Thus the person is entitled to the full conduct credits authorized by section 4019. (*People v. Singleton* (2007) 155 Cal.App.4th 1332, 1337.) Since the court improperly limited Silva's conduct credits, we will remand the case to the superior court to recalculate the presentence credits.

## DISPOSITION

The trial court is directed to recalculate Silva's presentence credits in accordance with the views expressed in this opinion. After the credits are recalculated, the court shall modify the judgment accordingly. The court is directed to amend the abstract of

---

3    The facts of the underlying offense are not relevant to the issues on this appeal. Thus, we will omit the traditional statement of facts.

judgment and to forward the amended abstract to the Department of Corrections and

Rehabilitation.  In all other respects the judgment is affirmed.


 

 

 

_____

                                       HUFFMAN, Acting P. J.

WE CONCUR:


_____

                NARES, J.


_____

                IRION, J.