Filed 1/28/22  P. v. Whittington CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JOSEPH WHITTINGTON,<br><br>  Defendant and Appellant. | C092449<br><br>(Super. Ct. No. 14F06801) |

Defendant Joseph Paul Whittington pleaded no contest in 2015 to one count of first degree residential burglary and admitted a prior strike conviction.  A little over a month later, the trial court sentenced him to 13 years in prison (including a five-year enhancement) and awarded presentence credit.  Defendant did not appeal the judgment.

In 2019, defendant filed a petition for resentencing based on Senate Bill No. 1393 (2017-2018 Reg. Sess.), which gave the trial court new discretion to dismiss the five-year enhancement.  The trial court also asked the parties to address whether defendant's conduct credit had been appropriately limited under Penal Code section 2933.1.[1]  After a

---

[1]  Undesignated statutory references are to the Penal Code.

1

hearing, the trial court denied defendant's motion for resentencing and determined the presence credit was appropriate.

Defendant now contends the trial court erred in limiting his conduct credit because the evidence is insufficient to support a conviction for a violent felony. Because the appellate record shows sufficient support for the presence credit award, we will affirm the trial court's order.

## BACKGROUND

The People charged defendant with the first degree residential burglary of an inhabited residence, specifically alleging that a nonaccomplice had been present in the residence during the commission of the burglary. (§§ 459, 462, subd. (a), 667.5, subd. (c)(21).) The People further alleged defendant had a prior strike conviction. (§§ 667, subd. (a), 667, subds (b)-(i), 1170.12.) The parties negotiated an open plea agreement under which defendant pleaded no contest to the above charges and allegations.

During the plea hearing, the trial court said first degree burglary was a serious felony, but the prosecutor noted that the allegation under section 667.5, subdivision (c)(21) rendered the offense a violent felony because the home was occupied at the time of the offense. The trial court acknowledged the correction and stated, "What that means is it's considered a violent felony in addition to a serious felony. It's still a strike under the three strikes law, but a violent felony changes the amount of credits you would receive. [¶] For a strike you have to serve 80 percent of your time. For a violent felony you have to serve 85 percent of your time. That's the main difference between the two." Defendant indicated he understood. As part of the factual basis for the plea, the prosecutor stated, "it's also alleged that due to the fact that the victims were present in the residence at the time of this crime that it is also a violation of Section 667.5(c)(21) of the Penal Code." Defense counsel stated he had nothing to add to the factual basis. When asked by the trial court, defendant accepted the factual basis as stated. Defendant then

2

pleaded no contest to the first degree burglary charge as a strike, that he "willfully and unlawfully entered the inhabited dwelling house belonging to [the victims] with the specific intent to commit larceny," and admitted a prior conviction such that it doubled the sentence for the burglary conviction and carried an additional five years. The trial court sentenced defendant to an aggregate term of 13 years, with presentence conduct credit limited under section 2933.1. Defendant did not object to the limitation on presentence credit and did not appeal the judgment.

Years later, on its own motion, the trial court expressed concern over the appropriate amount of credit awarded. The trial court requested briefing on whether the burglary qualified as a violent felony and whether conduct credit had been properly limited under section 2933.1. The trial court invited the parties to examine the applicability of *People v. Chadd* (1981) 28 Cal.3d 739 and *People v. Tuggle* (1991) 232 Cal.App.3d 147, disapproved on other grounds in *People v. Jenkins* (1995) 10 Cal.4th 234, 252.

According to the People, the record demonstrated defendant entered a valid plea of no contest to first degree burglary as a violent felony and the presentence custody credit was correctly calculated. Defendant countered that he did not specifically plead to first degree burglary as a violent felony.

The trial court determined defendant was charged with first degree burglary as a violent felony and the violent nature of the felony was established with the factual basis for the plea, which defendant accepted. The trial court noted there was no objection to the credit limitation either when the limitation was discussed during the plea hearing or during sentencing when credit was awarded. The trial court concluded the presentence credit award was appropriate.

## DISCUSSION

Defendant contends the trial court erred in limiting his presentence conduct credit under section 2933.1 because the evidence was insufficient to support a finding that the

3

burglary was a violent felony within the meaning of section 667.5, subdivision (c)(21). Defendant asserts he did not specifically admit the allegation that the residence was occupied at the time of the burglary, no additional evidence proved the allegation, and the record does not demonstrate that the parties understood the burglary conviction was a violent felony. We disagree.

Whether defendant's sentence is subject to the 15 percent credit-earning limitation under section 2933.1 is a matter of law we review de novo. (*In re Borlik* (2011) 194 Cal.App.4th 30, 35.)

A defendant convicted of a violent felony may not accrue presentence conduct credit greater than 15 percent of his actual period of confinement. (§ 2933.1, subd. (c).) The People must give defendant the required notice of the facts that restrict his ability to earn credit. (See *People v. Lara* (2012) 54 Cal.4th 896, 906.) First degree burglary is a violent felony when "it is charged and proved that another person, other than an accomplice, was present in the residence during the commission of the burglary." (§ 667.5, subd. (c)(21).) Thus, the 15 percent credit limitation does not apply to a person convicted of first degree residential burglary unless it is pleaded and proven that the residence was occupied by a nonaccomplice at the time of the burglary. (*People v. Garcia* (2004) 121 Cal.App.4th 271, 280.)

Contrary to defendant's claim, the record demonstrates defendant pleaded no contest to first degree burglary as a violent felony. Defendant was charged with first degree burglary of an inhabited dwelling, with specific allegations that a nonaccomplice was present during the commission of the offense as provided in section 667.5, subdivision (c)(21). Defendant agreed to enter an open plea with no modification of those charges and allegations. His plea resulted in a conviction on the violent felony as charged, and even a plea of no contest admits that there is a factual basis for the plea. (See *People v. Wallace* (2004) 33 Cal.4th 738, 749.)

4

Defendant now argues the factual basis was insufficient, but defense counsel declined the invitation to add anything to the factual basis, defendant affirmatively accepted the factual basis as stated, and defendant did not appeal the judgment.

The plea colloquy in this case demonstrates the parties' understanding that defendant was convicted of a violent felony. The prosecutor alerted the trial court to the violent nature of the first degree burglary charge and the trial court discussed this aspect with defendant, including the associated limitation of credit. The factual basis which rendered the felony violent was discussed, with no objection or further comment. When sentence was imposed, including the award of presentence credit under section 2933.1, no objection was made. Defendant has not established error in the award of presentence credit.

## DISPOSITION

The trial court's order is affirmed.

_____/S/_____

MAURO, J.

We concur:

_____/S/_____

ROBIE, Acting P. J.

_____/S/_____

DUARTE, J.

5