Filed 10/30/23  P. v. Lewis CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SCOTT LEWIS,<br><br>    Defendant and Appellant. | H050710<br>(Santa Clara County<br> Super. Ct. No. B1795613) |

## I.  INTRODUCTION

After defendant Scott Lewis waived his right to a trial by jury, the trial court convicted defendant of three counts:  sending harmful matter to a minor (Pen. Code, § 288.2, subd. (a)(2); count 1);[1] contacting or communicating with a minor with intent to commit an underlying specified offense (§ 288.3, subd. (a); count 2); and misdemeanor annoying or molesting "a child under the age of 18 years, Jane Doe II, 14 years old" (§ 647.6, subd. (a)(1); count 3).  The trial court also found true an allegation that defendant suffered a prior strike conviction under section 667, subdivisions (b)–(i) and section 1170.12.  The trial court sentenced defendant to an aggregate prison term of seven years four months.

---

[1] All further statutory references are to the Penal Code.

On appeal, defendant contends that the judgment should be reversed and the matter remanded for resentencing because he lacked sufficient notice of the possible sentence on count 2, violating his state and federal constitutional rights to due process. Because his counsel did not raise this issue to the trial court, defendant alternatively contends that he received ineffective assistance of counsel if this issue was not properly preserved for appeal.

We conclude that defendant forfeited one of his arguments on this issue by failing to raise a lack of notice objection at trial, and that he waived the other of his arguments on this issue by failing to demur to the information. We also conclude that his trial counsel was not constitutionally ineffective. Therefore, we will affirm the judgment.

## II. BACKGROUND

The facts regarding defendant's offenses are largely not relevant to our analysis of the issues defendant raises. Briefly, defendant sent sexually explicit messages, including pictures of his genitalia, to an undercover detective in Arizona posing as a 14-year-old girl. This detective used the sender's IP address to identify defendant's address in Sunnyvale, and the detective provided this information to Sunnyvale law enforcement officers. Sunnyvale law enforcement officers went to defendant's house, knowing that defendant was a registered sex offender based on a past offense and was required to submit to compliance checks. Defendant answered the door clad only in the same distinctive underwear depicted in images sent to the Arizona undercover detective. Inside the house, defendant showed the police officers sexual communications he had with another girl, named in the information as Jane Doe II. These communications included an image of Jane Doe II wearing a high school lanyard and messages about defendant wanting to engage in sexual acts with the girl, including "wanting to have forceful and rough sex with her." Defendant was 44 years old when these communications were discovered.

2

Defendant was charged by information with three counts: sending harmful matter to a minor (§ 288.2, subd. (a)(2); count 1); contacting or communicating with a minor with intent to commit an underlying specified offense (§ 288.3, subd. (a); count 2); and misdemeanor annoying or molesting a child (§ 647.6, subd. (a)(1); count 3). The information alleged that the victim in count 1 was Jane Doe (the undercover detective in Arizona), and that the victim in counts 2 and 3 was Jane Doe II. For count 2, section 288.3, subdivision (a) reads: "Every person who contacts or communicates with a minor, or attempts to contact or communicate with a minor, who knows or reasonably should know that the person is a minor, with intent to commit an offense specified in Section 207, 209, 261, 264.1, 273a, 286, 287, 288, 288.2, 289, 311.1, 311.2, 311.4 or 311.11, or former Section 288a, involving the minor shall be punished by imprisonment in the state prison for the term prescribed for an attempt to commit the intended offense." Of the underlying offenses listed in this section, count 2 listed four such underlying offenses defendant was alleged to have intended to commit: sections 288, 273a, 288.2, and 311.1.

Defendant waived his right to a trial by jury and elected to be tried by a judge. Following trial, the trial court found defendant guilty of all three counts, and the court found true the allegation that defendant had suffered a prior strike conviction. The trial court did not specify which underlying offense or offenses in count 2 it found defendant intended to commit in communicating with Jane Doe II.

Prior to sentencing, the probation department notified the trial court that it needed the trial court to specify the underlying offense or offenses the court found defendant intended to commit for count 2. The trial court provided the parties the opportunity to brief this matter. The prosecution asserted that the trial court could conclude that defendant intended to commit three of the four listed underlying offenses: sections 288, 288.2, and 311.1. The prosecution noted that each of these underlying offenses carried different sentencing triads, and it asserted that this situation was analogous to situations

3

covered by section 654, which prohibits multiple punishments for the same act. At the time of defendant's sentencing proceedings, section 654 stated in relevant part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." (Former § 654, subd. (a).) Thus, the prosecution argued that the trial court should select the highest sentencing triad among the underlying offenses that defendant intended to commit in communicating with Jane Doe II. The prosecution asserted that this highest sentencing triad was that prescribed by section 288, subdivision (a) (hereafter section 288(a)), arguing: "Given that [Jane Doe II] was 13 years old at the time of the offense, the maximum triad is for Penal Code section 288(a) (Lewd Acts on a Child under 14), which is punishable by 3, 6 or 8 years in state prison." In response, the defense contended that the trial court's failure to specify an underlying offense in count 2 required the trial court to acquit defendant on this count. Defendant did not otherwise object to being sentenced for the underlying offense of section 288(a) for count 2.

The trial court determined that it had the authority at that stage to specify the underlying offense or offenses that formed the basis for defendant's conviction in count 2, and it determined that the underlying offenses defendant intended to commit were section 288(a) (committing a lewd or lascivious act on a child under the age of 14), and section 288.2, subdivision (a)(2) (sending or exhibiting harmful matter depicting a minor).

Later, the trial court determined at the sentencing hearing that between these two underlying offenses, it would utilize the sentencing triad for section 288(a). The trial court noted that this decision was in line with the prosecution's analogy to situations covered by section 654 in that the trial court was selecting the underlying offense that provided for the longest sentencing triad; however, the trial court also stated that if it had discretion to impose punishment for the other count 2 underlying offense with a shorter

4

sentencing triad, it would not have done so. The trial court sentenced defendant to six years in prison on count 2, selecting the middle term of six years under section 288(a), halving this term because of the attempt to commit the offense, and then doubling the sentence on this count because of defendant's prior strike. For count 1, the trial court imposed a term of 16 months, consecutive to the sentence on count 2. The trial court imposed a concurrent sentence on count 3 of 90 days. The trial court sentenced defendant to an aggregate prison term of seven years four months.

This appeal followed.[2]

## III. DISCUSSION

### A. *Legal Principles*

" ' "No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal." [Citations.] "A criminal defendant must be given fair notice of the charges against him [or her] in order that he [or she] may have a reasonable opportunity properly to prepare a defense and avoid unfair surprise at trial." ' [Citation.] This goes for sentence enhancements as well as substantive offenses: A defendant has the 'right to fair notice of the specific sentence enhancement allegations that will be invoked to increase punishment for his [or her] crimes.' [Citation.]" (*People v. Anderson* (2020) 9 Cal.5th 946, 953 (*Anderson*).) "Neither the relevant statutes nor the due process clause requires rigid code pleading or the incantation of magic words. But the accusatory pleading must adequately inform the defendant as to how the prosecution will seek to exercise its discretion." (*Id.* at p. 957.)

Section 288.3 "requires the defendant to contact or communicate with a minor or attempt to do so with the specific intent to commit an enumerated sex offense.

---

[2] This court granted defendant's application for relief from default for failure to timely file a notice of appeal.

[Citation.]" (*People v. Keister* (2011) 198 Cal.App.4th 442, 449.) Count 2 of the information listed four underlying offenses: sections 288, 273a, 288.2, and 311.1. Section 288 contains subdivisions specifying various offenses. Two of these subdivisions were potentially implicated in the instant case. Section 288(a) – the offense the trial court sentenced defendant under – requires proof that the victim is under the age of 14 years and carries a sentencing triad of three, six or eight years. Subdivision (c)(1) requires proof that the victim is a child 14 or 15 years of age and the defendant is at least 10 years older than the child, and carries a sentencing triad of one, two, or three years.

**B. *Analysis***

Defendant raises two arguments challenging his sentence on count 2, both related to an alleged lack of notice as to the possible sentence on this count. First, defendant notes that count 3 of the information alleged that defendant "did annoy and molest a child under the age of 18 years, Jane Doe II, 14 years old." Defendant asserts that because count 3 listed Jane Doe II's age as 14 years old, "[t]he only triad in section 288 for a victim who is '14 years old' appears in section 288, subdivision (c), and is one, two, or three years." Thus, defendant argues, "the information gave notice that section 288(c) could serve as the target offense, with a maximum sentence of three years." Defendant therefore argues that his sentence of six years on count 2 violates his due process right to notice because by listing the victim's age in count 3 as 14 years old, defendant was not placed on notice that section 288(a) could serve as an underlying offense for count 2. Defendant's second argument is that count 2 failed on its face to provide sufficient notice of the possible sentence on this count because it alleged the target offense as section 288 without specifying any subdivision of section 288, and thus "the information failed to allege each fact that increased the maximum and minimum penalties for the crime." Defendant cites *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*) and *People v. Murphy* (2004) 124 Cal.App.4th 859 (*Murphy*) for the proposition that facts that increase

6

the maximum and minimum sentences must be charged in the information and proved at trial.

> **1. Defendant has forfeited his argument that the language about Jane Doe II's age in count 3 provided insufficient notice that section 288(a) could serve as the underlying offense for count 2.**

We conclude that defendant has forfeited his first argument that he lacked sufficient notice that section 288(a) could serve as the underlying offense for count 2 because count 3 listed Jane Doe II's age as 14 years old. Defendant never asserted to the trial court that he lacked notice that section 288(a) could serve as the underlying offense for count 2. Defendant did not file a demurrer, alleging that the information failed to provide him with sufficient notice of the offenses of which he was accused. (§§ 952, 1002, 1004.) Defendant did not argue in the preliminary hearing or at trial that section 288(a) could not serve as the underlying offense for count 2, or that he lacked notice of what the underlying offense(s) for this count could be. In fact, the defense knew Jane Doe II was 13 years old at the time of the actions charged in count 2, and thus the defense had notice that section 288(a) could be an underlying offense for this count. In closing argument at trial, defendant's counsel stated that defendant knew Jane Doe II was "not of age" and that defendant "knew she was under 14," asserting that defendant did not send explicit images to the girl because he knew her age. In closing argument, defense counsel asserted that defendant was not guilty of count 2 because the evidence did not show that defendant intended "to complete certain physical acts that are set forth by their sections in that code section," but counsel provided no indication that defendant was not on notice that section 288(a) could be one such underlying offense. After trial, in briefing concerning the trial court's failure to specify an underlying offense for count 2, defendant again did not assert lack of notice concerning section 288(a) even after the prosecution asserted this offense applied, instead arguing that the trial court's failure to specify an underlying offense required the court to acquit defendant of this count. In

hearings on the matter, defense counsel again did not assert that defendant lacked notice of the possible underlying offenses for count 2, focusing on arguments that the trial court's failure to specify an underlying offense required an acquittal on count 2 and that the evidence of defendant's guilt on count 2 was insufficient. After the trial court pronounced the sentence, defense counsel objected to the sentence, but defense counsel's objection did not assert that defendant lacked notice that section 288(a) could serve as the underlying offense on count 2.[3]

Under these circumstances, defendant forfeited his argument concerning lack of notice in count 2. Defendant cites to *People v. Mancebo* (2002) 27 Cal.4th 735 (*Mancebo*) to assert that forfeiture does not apply in this situation because his sentence was unauthorized, but *Mancebo* is inapposite here. In *Mancebo*, the California Supreme Court examined the following question: "whether the circumstance of gun use was available to support two section 12022.5(a) enhancements when gun use had already been properly pled and proved as a basis for invoking One Strike sentencing." (*Id.* at p. 738.) The California Supreme Court held that forfeiture did not apply even though the defendant did not object at sentencing to imposition of the gun-use enhancements. (*Id.* at p. 749, fn. 7.) The court held that the One Strike law required that "the properly pled and proved gun-use circumstances be used to support the One Strike terms," and that the One Strike law, "by its express terms, precluded the trial court from striking those circumstances in order to free up gun use as a basis for imposing lesser enhancement terms under section 12022.5(a)." (*Mancebo*, *supra*, at p. 749, fn. 7.) Thus, the court held

---

[3] Defense counsel's objection to the sentence asserted that the victim in count 2 was Jane Doe I (the victim named in count 1), not Jane Doe II, and thus the trial court should consider that only count 3 involved an actual teenage girl. The trial court corrected defense counsel on this point, and defense counsel then pivoted to arguing that the trial court should grant defendant a stay from imposing the prison sentence because of the COVID-19 pandemic and defendant's mother's death.

that because the trial court had no discretion on this matter, the sentence was unauthorized and forfeiture did not apply. (*Ibid.*)

*Mancebo* does not apply to the instant situation to relieve defendant from forfeiture. As an initial matter, defendant has not demonstrated that the use of section 288(a) constitutes a sentencing enhancement rather than an underlying basis for the charged offense. Even if the use of section 288(a) as an underlying offense was functionally equivalent to a sentencing enhancement, however, the California Supreme Court later stated in *Anderson* that "*Mancebo* does not stand for the broad proposition that imposition of an unpleaded enhancement necessarily results in an unauthorized sentence that may be raised, and corrected, for the first time on appeal." (*Anderson*, *supra*, 9 Cal.5th at p. 962.) The court in *Anderson* noted: "As a general rule, a criminal defendant who fails to object at trial to a purportedly erroneous ruling forfeits the right to challenge that ruling on appeal. [Citation.]" (*Id.* at p. 961.) Thus, the court held, an unauthorized sentence would not be subject to forfeiture, but a pleading defect does not necessarily result in an unauthorized sentence, particularly where the court " 'actually notified defendant of the possible sentence he [or she] faced before his [or her] case was submitted to the jury, and defendant had sufficient opportunity to object to the indictment and request additional time to formulate a defense.' [Citation.]" (*Id.* at p. 962.) Where forfeiture does apply, the *Anderson* court held, the reviewing court nonetheless has the power to reach the merits of the defendant's claim after considering the following factors: (1) whether the error "is clear and obvious"; (2) whether the error "affected substantial rights by depriving [the defendant] of timely notice of the potential sentence he [or she] faced," such as when "the prosecution's intentions did not become clear until the day of the sentencing hearing"; and (3) whether "the error was one that goes to the overall fairness of the proceeding." (*Id.* at p. 963.)

Here, the trial court did not impose an unauthorized sentence upon defendant, and thus *Mancebo* does not relieve defendant from the forfeiture rule. The information listed

9

section 288 as a possible underlying offense for count 2 without listing any specific subdivision. Defendant was thus placed on notice that any of the offenses listed within section 288 – subdivision (a), subdivision (b), or subdivision (c) – could serve as the underlying offense for count 2, along with the other provisions listed in the count. This situation is not akin to the situation in *Mancebo*, where a special circumstance allegation was not alleged in the accusatory pleading and thus the resulting sentence was unauthorized. Here, the trial court had the authority to impose a sentence based on any of the underlying offenses listed in count 2, including section 288(a). Defendant's sentence was not unauthorized, and forfeiture applies to the instant case.

Applying the factors outlined in *Anderson*, we conclude that it is not appropriate to reach the merits of defendant's forfeited claim. The error was not "clear and obvious," because the information did not omit any mention of section 288 altogether, just the specific subdivision(s) that could serve as the underlying offense for count 2. (See *Anderson*, *supra*, 9 Cal.5th at p. 963.) In addition, while the reference to Jane Doe II's age as 14 in count 3 does appear to be an error, the sole legal authority defendant cites for the proposition that a victim's age stated in one count can impact the notice a defendant has regarding another count is *People v. Holt* (1997) 15 Cal.4th 619 (*Holt*). In *Holt*, the defendant was convicted of first degree murder, first degree robbery, rape, sodomy, and first degree burglary. (*Id.* at p. 638.) The defendant alleged that he lacked adequate notice concerning the burglary charge, because he was charged with entering a residence " 'with the intent . . . to commit the crimes of theft or a felony.' " (*Id.* at pp. 671–672.) Thus, the defendant alleged that he was "denied adequate notice of the intended offense or offenses the prosecution sought to prove as the predicate for the burglary charge," an issue made more acute by the trial court's instructions concerning the underlying intent necessary for the burglary count. (*Id.* at p. 672.) The California Supreme Court held that the defendant's objection was waived by his failure to demur to the information, noting that the defendant also failed to object to the trial court's instructions. (*Ibid.*) Finally, the

*Holt* court stated that the defendant "had notice both from the evidence offered at the preliminary hearing and the other offenses charged in the information that an intent to commit any of those offenses might be relied upon as the predicate for burglary." (*Id.* at pp. 672–673.)

Defendant relies on the "and the other offenses charged in the information" language from *Holt*, *supra*, 15 Cal.4th at p. 672, to support the notion that the language about Jane Doe II's age in count 3 translated into a lack of notice for the underlying offense of section 288(a) in count 2. However, *Holt* does not support defendant's argument. *Holt* merely held that under the facts of that case, the defendant was on notice as to the intent necessary for the burglary count, and that the other counts in the information could help supply that notice. *Holt* did not hold that language in one count could be imported to *negate* notice in another count, particularly where the language relied on was surplusage. Count 3 alleged a violation of section 647.6, subdivision (a)(1), misdemeanor annoying or molesting a child. This count required proof that the victim was "under 18 years of age." (§ 647.6, subd. (a)(1).) The language in count 3 about Jane Doe II specifically being 14 years old was not relevant to anything the prosecution needed to prove on this count when count 3 had already alleged that Jane Doe II was under the age of 18 years. "An information is sufficient if it charges the defendant with the commission of a public offense in words sufficient to give him [or her] notice of the offense of which he [or she] is accused. [Citations.] Only the essential elements of the offense need be charged. [Citation.] . . . Surplusage, however, does not vitiate the information and may be rejected if enough remains to charge the offense. [Citations.]" (*People v. Randazzo* (1957) 48 Cal.2d 484, 489–490.) The reference to Jane Doe II's specific age in count 3 had no legal significance when the information had already alleged in this count that she was under the age of 18 years, and defendant cannot argue that he relied on this language to exclude an underlying offense that was a subdivision of

11

a section listed in count 2. Thus, any error in the information was not "clear and obvious." (*Anderson*, *supra*, 9 Cal.5th at p. 963.)

As to the two remaining *Anderson* factors, we conclude that any error did not affect defendant's substantial rights because he had timely notice of the potential sentence he faced, and the overall fairness of the proceeding was not affected. Information from the preliminary hearing showed Jane Doe II was in fact 13 years old at the time of the actions charged in count 2, and thus defendant had notice that section 288(a) could serve as an underlying offense for this count. " 'Notice of the particular circumstances of the offense is given not by detailed pleading but by the transcript of the evidence before the committing magistrate . . . .' [Citations.]" (*Holt*, *supra*, 15 Cal.4th at p. 672.) Jane Doe II testified at defendant's preliminary hearing and provided her birthdate. Defendant's offenses regarding Jane Doe II were discovered on September 6, 2017, when Sunnyvale law enforcement officers went to defendant's home. This was about one month before Jane Doe II's 14th birthday, and Jane Doe II thus testified at the preliminary hearing that "I believe I was about to turn 14" at the time defendant exchanged messages with her.[4] The preliminary hearing produced evidence

---

[4] Defendant notes that later in the preliminary hearing, Jane Doe II testified that she first told defendant in the messages that she was 15 years old, and then later told defendant that she was 14 years old. Following up on this, the prosecutor asked Jane Doe II the following question: "So at first, you had said you were 15 and then you wanted to be more honest, so you said the truth, which is that you were 14?" Jane Doe II replied affirmatively to this question. Defendant argues that Jane Doe II "gave contradictory testimony about her age at the time of the offense, sometimes saying she was 13 and other times saying 14." We do not interpret Jane Doe II's testimony in the same way defendant does. The prosecutor's question about what Jane Doe II told defendant about her age was leading, and its focus was on what Jane Doe II said to defendant about her age. Jane Doe II clearly stated her birthdate, a fact that would have been within her knowledge, and the evidence at the preliminary hearing left no doubt that defendant's actions in count 2 were discovered about one month before Jane Doe II turned 14 years old. Defendant later stated to the probation officer that the evidence at
(continued)

that the messages between defendant and Jane Doe II indicated an intent to engage in lewd and lascivious acts in the near future, that defendant admitted he was currently talking to Jane Doe II when police arrived and was clad only in his underwear, and that defendant believed Jane Doe II to live in Richmond. Thus, defendant had notice that the prosecution was alleging that defendant communicated with Jane Doe II with an intent to commit an offense against a 13-year-old victim, as required by section 288(a).[5]

Developments at trial did not contradict the preliminary hearing evidence that Jane Doe II was 13 years old at the time defendant communicated with her. Jane Doe II did not testify at trial; instead, the trial court accepted the parties' stipulation that her preliminary hearing testimony was admissible. Defendant testified on his own behalf, and when the prosecution asked him regarding Jane Doe II whether "there are 13-year-old kids or 14-year-old kids out there who are not disturbed by" certain sexual activity, defendant answered, "[a]pparently," without stating that Jane Doe II was not 13 years old. In closing argument, the prosecution repeatedly referred to Jane Doe II as 13 years old.[6] Soon after referring to Jane Doe II again as a 13-year-old girl, the prosecution stated that the appropriate underlying offenses for count 2 were section 288.2 and section 288, because "he means to meet up with her and actually do touching." The probation officer's presentencing report after trial contains the following statement attributed to defendant: "He did indicate during the Court Trial, it was discovered [that]

_____

the preliminary hearing revealed Jane Doe II was under the age of 14 years, and trial counsel acknowledged in closing argument that defendant knew Jane Doe II was "under 14."

[5] While not a matter produced at the preliminary hearing, further evidence that defendant was on notice of Jane Doe II's age before trial comes from a "witness list and motions in limine" submission by the prosecution shortly before trial that listed Jane Doe II's birthday and stated that Jane Doe II "was 13 years old at the time of those conversations" and later again listed her age as 13 at the time of the offense in count 2.

[6] The prosecution once referred to Jane Doe II as 14 years old in closing argument, but it did so in the context of Jane Doe II looking back on defendant's actions following law enforcement's discovery of defendant's communications with Jane Doe II.

victim Jane Doe II was 13 years [ ] old and not 14 years [ ] old." However, the only evidence at trial about Jane Doe II's age came from her testimony at the preliminary hearing, and thus defendant knew before trial that the victim in count 2 was 13 years old, not 14. In fact, defendant admitted elsewhere in the probation officer's report that although Jane Doe II told defendant she was 14 years old, "it turns out per her prelim testimony she was actually 13 almost 14." Section 288 generally was listed as an underlying offense of count 2, and despite the language in count 3 that Jane Doe II was 14 years old, defendant was on notice both before trial and during trial that Jane Doe II was in fact 13 years old and thus section 288(a) could serve as an underlying offense. This is not a situation where "the prosecution's intentions did not become clear until the day of the sentencing hearing." (*Anderson*, *supra*, 9 Cal.5th at p. 963.)

Likewise, defendant's case is unlike other cases he cites in support for his argument concerning lack of notice, where the information affirmatively misled the defendant about possible punitive exposure. (See *People v. Nash* (2023) 87 Cal.App.5th 483, 494, fn. omitted [rejecting the argument that "where an accusatory pleading *expressly specifies* potential exposure of 15 years to life, a defendant is nevertheless on fair notice by virtue of the statutory cross-reference that he or she might face a prison term of 25 years to life" because due process principles "do not permit the prosecution to mislead a defendant as to potential exposure"], review granted Mar. 22, 2023, S278610; *People v. Wilford* (2017) 12 Cal.App.5th 827, 840 ["The amended information specified that, for counts 5 and 6, Wilford faced a sentence of two, three, or four years with the possibility of an additional 15 days under section 273.5, subdivision (h)(1) for each count. There was no indication whatsoever that Wilford faced the possibility of a sentence of two, four, or five years for each of those same offenses under section 273.5, subdivision (f)(1). Further, the prosecutor only sought an increased sentence under that subdivision after the jury returned its verdict and the court found true the qualifying prior conviction. The resulting sentence under section 273.5, subdivision (f)(1) violated

Wilford's due process rights and cannot stand."].)  Because here, defendant was not misled as to his punitive exposure but instead had sufficient notice of Jane Doe II's age and the corresponding underlying offenses well before trial, any error was not "one that goes to the overall fairness of the proceeding."  (*Anderson*, *supra*, 9 Cal.5th at p. 963.) Where defendant was on notice before and during trial that Jane Doe II was 13 years old at the time of the charged actions in count 2, where the count listed section 288 as a potential underlying offense, where defendant never voiced any concern about lack of notice concerning count 2 despite several opportunities to do so, and where the language about Jane Doe II's specific age in count 3 was of no legal import, it is appropriate to apply forfeiture to defendant's argument that the language in count 3 limited the prosecution's options for proving the underlying offenses in count 2.

**2. Defendant has waived his argument that count 2's general citation to section 288 failed to put him on notice that section 288(a) could serve as the underlying offense for count 2.**

Defendant's second argument on the notice issue is that the information generally failed to put him on notice concerning the underlying offense in count 2 because it listed section 288 generally, rather than any specific subdivision(s) of section 288.  Defendant argues that "any fact (other than a prior conviction) that increases the maximum or minimum term must be pleaded and proved beyond a reasonable doubt," and that by generally listing section 288 as a possible underlying offense, the information merely alleged that defendant could be subject to a sentencing triad of one, two, or three years, the shortest triad listed in section 288.

Count 2 of the information listed section 288 as one possible underlying offense, without specifying any subdivision of that section.  Defendant was thus placed on notice that any of the offenses listed within section 288 – subdivision (a), subdivision (b), or subdivision (c) – could serve as the underlying offense for count 2, along with the other provisions listed in this count.  The court in *Anderson* stated:  "We do not mean to

15

suggest that an information that fails to plead the specific numerical subdivision of an enhancement is necessarily inadequate." (*Anderson*, *supra*, 9 Cal.5th at p. 957.) "Although it is better practice, the People were not required to allege the specific subdivision of the statute that appellant violated, per se, so long as the complaint contained 'words sufficient to afford notice to [appellant] of the offense charged . . . .' [Citation.]" (*People v. Ramirez* (2003) 109 Cal.App.4th 992, 1000.)

If defendant had any confusion as to which Penal Code provisions formed the underlying alleged offenses for this count, his option was to file a demurrer. (§§ 952, 1002, 1004.) Section 952 requires the information to provide "a statement that the accused has committed some public offense therein specified," which "may be in the words of the enactment describing the offense or declaring the matter to be a public offense, or in any words sufficient to give the accused notice of the offense of which he [or she] is accused." (§ 952.) Under this provision, "it is clear that a valid accusatory pleading need not specify by number the statute under which the accused is being charged. [Citations.]" (*People v. Thomas* (1987) 43 Cal.3d 818, 826.) Under section 1004, subdivision 2 a defendant may demur to an accusatory pleading at any time prior to entry of a plea, when it appears on the face of the document that it does not substantially conform to the provisions of section 952. "When any of the objections mentioned in Section 1004 appears on the face of the accusatory pleading, it can be taken only by demurrer, and failure so to take it shall be deemed a waiver thereof . . . ." (§ 1012.) "The well-established rule is that failure to demur on the ground that a charging allegation is not sufficiently definite waives any objection to the sufficiency of the information. [Citations.]" (*Holt*, *supra*, 15 Cal.4th at p. 672.) Thus, in *Holt*, the California Supreme Court held that the defendant waived his notice-based challenge by not demurring. (*Ibid.*) Likewise here, by not demurring to an alleged deficiency in notice that appears on the face of the information, defendant has waived this component of his argument.

16

Defendant contends that waiver does not apply, because he "does not claim that [count 2] had any facial uncertainty *in general*—that is why he does not ask to reverse the conviction on [count 2]. His claim is specifically that the information failed to give notice of an increased sentencing range that would not apply unless the prosecution proved an aggravating fact that was not alleged." We see no meaningful distinction in defendant's argument compared to the situation in *Holt*. In the instant case, the information placed defendant on notice that any of the offenses listed in section 288, including subdivision (a), could serve as the underlying offense for count 2. If defendant had any confusion on this point, his option was to demur. He did not do so, and later when the trial court announced that it found section 288(a) was an underlying offense for count 2, defendant expressed no concern that he was not on notice about this possibility. Defendant's challenge in the instant case is, as in *Holt*, that the "charging allegation is not sufficiently definite" when it comes to placing him on notice about the basis for count 2. (*Holt*, *supra*, 15 Cal.4th at p. 672.) By failing to demur, defendant has waived "any objection to the sufficiency of the information." (*Ibid.*)

As was the case with applying forfeiture to defendant's first argument, applying waiver to this argument causes no fundamental unfairness to defendant. As discussed above, the defense was on notice before and during trial that Jane Doe II was 13 years old at the time of the actions charged in count 2; thus, defendant was aware that section 288(a) could serve as an underlying offense for count 2. Defendant never expressed any confusion on this point, even when offered the opportunity to state his position in writing and at hearings following the trial court's ruling as to the underlying offenses for count 2, further evincing that defendant was on notice that section 288(a) could serve as an underlying offense for this count and that he could be sentenced on this basis. As noted above, the prosecution is not necessarily required to list a specific subdivision in the information in order to provide the defendant with sufficient notice. Defendant cites *Apprendi* and *Murphy* for the proposition that the prosecution must

charge and prove facts that increase the maximum and minimum sentences, but his citation to these cases assumes that the prosecution did, in fact, increase the sentence without alleging and proving facts that increased defendant's punitive exposure. Thus, *Murphy* cited *Apprendi* for the proposition that "a fact (other than the fact of a prior conviction) must be pled and proved to a jury beyond a reasonable doubt only if that fact increases the penalty for a crime beyond the maximum sentence that a court could impose based on the facts reflected by a jury's verdict or admitted by the defendant." (*Murphy*, *supra*, 124 Cal.App.4th at p. 863.) Here, the trial court sitting as factfinder found defendant guilty of count 2 based in part on his intended violation of section 288(a). That fact alone subjected defendant to the sentence he received. Defendant's penalty was not increased by any unpled fact beyond the maximum sentence the court could impose based on the trial court's verdict. Thus, applying waiver causes no fundamental unfairness to defendant.

### 3. Defendant has not demonstrated that he received ineffective assistance of counsel.

Defendant has failed to demonstrate ineffective assistance of counsel as a result of his trial counsel's failure to demur or object on notice grounds to being sentenced under section 288(a) for count 2. " 'In assessing claims of ineffective assistance of trial counsel, we consider whether counsel's representation fell below an objective standard of reasonableness under prevailing professional norms and whether the defendant suffered prejudice to a reasonable probability, that is, a probability sufficient to undermine confidence in the outcome.' [Citations.]" (*People v. Gamache* (2010) 48 Cal.4th 347, 391.) "A reviewing court will indulge in a presumption that counsel's performance fell within the wide range of professional competence and that counsel's actions and inactions can be explained as a matter of sound trial strategy." (*Ibid.*) "On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or

18

omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) Where an objection to evidence "would have been meritless and properly overruled," defense counsel's failure to make such objection does not constitute deficient performance. (*People v. Peterson* (2020) 10 Cal.5th 409, 465.) Regarding prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Strickland v. Washington* (1984) 466 U.S. 668, 694.)

Trial counsel was not ineffective for failing to object on notice grounds to using section 288(a) to sentence defendant for count 2, or for failing to demur based on lack of specificity in the information. As discussed above, the information listed section 288 as an underlying offense for count 2, and defendant had notice that Jane Doe II's age was 13 at the time of the actions charged in that count. In this situation, it is possible counsel had a rational tactical purpose not raising a notice-based objection, as, trial counsel might have believed that such a motion was unfounded because the preliminary hearing placed the defense on notice about Jane Doe II's age. At trial, defense counsel focused on asserting that defendant was not guilty of intending to violate section 288(a), because the evidence did not demonstrate beyond a reasonable doubt that defendant intended to commit a lewd or lascivious act. The decision to pursue this strategy and forego a notice-based objection was reasonable, given the notice the defense had about Jane Doe II's age. As to the failure to demur, trial counsel might have reasonably concluded that such a demur would be unsuccessful because the prosecution was not necessarily required to list the specific subdivision of section 288 that defendant intended to violate. Regardless, the record is completely silent as to any reason defense counsel might have had for not objecting or demurring based on lack of notice. "When the record does not shed light on

19

why counsel acted or failed to act in a particular manner, claims of ineffective counsel based on that conduct must be presented by petition for writ of habeas corpus. [Citations.]" (*Holt*, *supra*, 15 Cal.4th at p. 704.) Additionally, defendant has not demonstrated prejudice by the failure to object. Defendant has not articulated any way in which the purported lack of notice affected his trial strategy, and given the notice he had about Jane Doe II's age from the preliminary hearing, he has not demonstrated a reasonable likelihood that the trial court would have arrived at a different sentence had he objected on notice grounds. In addition, defendant has not demonstrated prejudice by the failure to demur because at most, the demur would have resulted in the information being amended. (See *People v. Goldman* (2014) 225 Cal.App.4th 950, 958 [finding no prejudice to the defendant by the failure to demur because "[i]f defendant had demurred, a slight amendment to the information would have corrected the . . . problem . . . ."].) Defendant's ineffective assistance of counsel claim therefore fails.

## IV. DISPOSITION

The judgment is affirmed.

_____

BAMATTRE-MANOUKIAN, ACTING P.J.


WE CONCUR:




_____

DANNER, J.




_____

BROMBERG, J.




*People v. Lewis*
**H050710**